ALLEN, Acting Chief Judge.
The plaintiff, General Window Corporation, brought a suit against Sun Patio, Inc., a corporation, and against George Polera, as a co-defendant, for recovery of sums due for materials sold by the plaintiff to Sun Patio, Inc. The record shows a stipulation was entered into admitting that materials were sold and delivered to Sun Patio, Inc. George Polera was the President of Sun Patio, Inc. The cause was tried without a jury and unfortunately the testimony was not reported. Final judgment was entered against both defendants, from which Polera has appealed. The record of the testimony before this court was obtained from a transcription taken on the defendant’s motion for new trial where certain facts were stated by way of discussion between the attorneys and the judge. Apparently the plaintiff refused to sell to Sun Patio on credit as it was a new corporation and had not established a line of credit. The plaintiff contended that Polera told the plaintiff to go ahead and ship the goods and he would see that they were paid for. The goods were shipped and invoiced to Sun Patio, Inc.
All of the alleged promises by Polera were oral and the question involved is whether or not, under the Florida Stat-. ute, c. 725, F.S.A., Statute of Frauds, the promise was to pay the account as an original undertaking on Polera’s part or whether he guaranteed the account of Sun Patio, Inc., in which event the statute requires it to be in writing.
The final judgment entered shows that the court made the following finding of fact:
1. That there were materials furnished unto the defendants by the plaintiff in the sum of $1,312.37, for which the defendants have not paid the plaintiff, and there is a sum due from the defendants to the plaintiff of $1,312.37.
2. That the defendant, George Polera, promised to pay for the goods delivered to Sun Patio, Inc., and he is bound for the payment of this debt along with the defendant, Sun Patio, Inc.
The evidence adduced below at the trial was not transcribed and the only evidence of facts before this court comes in the form of a “transcript of a portion of the hearing on Motion for New Trial held before the Honorable Vassar B. Carlton, on; the 30th day of August, 1960, in the Brevard County Courthouse, * * *.” The order entered denying the motion for new trial was as follows:
“This Cause coming on this day to be heard upon Motion for a New Trial, filed by the Defendant, George Polera, and the Court having considered said Motion, and having heard argument pro and con, and it appearing to the Court that there is no matter in this cause which was not previously considered at the time of the trial of this cause, and the Court being of the opinion that the Defendant, George Polera, unconditionally agreed to pay the debt herein sued upon and to be .responsible for said payment, according to the testimony taken at the trial, and the Court being otherwise advised, it is
“Ordered And Adjudged that the Motion for a New Trial be and the same is hereby denied.”
It is worth observing that the judge sat as a jury and made a specific finding that *780 Polera unconditionally agreed to pay the debt.
The record that is before us was not that taken at the trial of the cause but consisted of arguments of counsel before the judge on a motion for new trial and cannot be construed as a stipulated statement of facts.
Based upon this record and upon the findings of the judge himself sitting as a trier of facts, the case would have to be affirmed.
9 Annotations to Official Florida Statutes, | 725.01, reads:
“B. Promise to Pay Debt of Another — Collateral promise of third person to pay for goods sold to another in event buyer failed to pay for them is within statute of frauds, but if third person makes direct unconditional promise to pay for goods delivered to another, that promise is not within statute of frauds.
“Ferst v. Blackwell (1897) 39 Fla. 621, 22 So. 892; Des Rocher & Watkins Towing Co. v. Third National Bank (1932) 106 Fla. 466, 143 So. 768; Sanders v. Hodges (1933) 109 Fla. 391, 147 So. 571.”
In Sanders v. Hodges, 1933, 109 Fla. 391, 147 So. 571, it is stated (Fleadnotes 2 and 3):
“If third person makes direct unconditional promise to pay for goods delivered to another, promise is not within the statute of frauds.
“Question whether third party’s promise to pay for goods furnished another ze/as direct promise or collateral promise is one of fact for jury.” (Emphasis added.)
The above case also states (Headnote 7) :
“That goods are charged in merchant’s books to party to whom furnished creates rebuttable presumption that goods were sold on credit of that party, but evidence is admissible to explain transaction.”
In Hilkmeyer v. Latin American Air Cargo Expediters, Inc., Fla.1958, 94 So.2d 821, 822, it is stated (Headnote 6):
“In action by hatchery to recover sale price of shipment of baby chicks received by transshipping agent, who allegedly entered into oral agreement assuming responsibility of paying hatchery for chicks, question of whether agent directly assumed liability or only agreed to operate as paying agent for ultimate purchaser was one of fact for determination by jury.”
In Bruce Construction Corp. v. The State Exchange Bank of Fla., 102 So.2d 288, it is stated (Headnote 1) :
“In action by bank against defendants, on their alleged guarantee of certain checks which bank cashed, but which were not paid when presented to bank on which they were drawn, evidence presented a question for the jury as to whether defendants directly and unconditionally promised to pay checks drawn by another, or whether they agreed only to pay checks of another if bank upon which such checks were drawn did not do so. F.S.A. 725.01.”
In view of the trial judge’s specific finding “that the Defendant, George Polera, unconditionally agreed to pay the debt herein sued upon and to be responsible for said payment, according to the testimony taken at the trial”, etc., in the absence of record testimony demonstrating absence of facts from which we could determine error on the part of the lower court, we must affirm the trial judge.
We are informed that the attorney who ably argued this case on appeal was not the attorney below.
Affirmed.
SMITH and WHITE, JJ., concur.