WALDEN, Chief Judge.
Defendant appeals the dismissal with prejudice by the trial court of his affirmative defenses and crossclaim against plaintiff bank in a foreclosure action. We reverse the dismissal with directions that defendant’s affirmative defenses and cross-claims be reinstated.
Defendant sold all his stock in Cedars Condominium Apartments to NFC Mortgage Corporation. Defendant took back a mortgage from NFC. Plaintiff made a construction loan to Cedars Condominium Apartments and defendant personally guaranteed that construction loan. Plaintiff brought suit to foreclose the construction loan. Defendant denied any liability (presumably for an excess judgment), and crossclaimed for damages on the grounds that for consideration given by defendant:
(1) personally guaranteeing the loan to Cedars, and
(2) permitting his mortgage to NFC to be subordinated to the plaintiff’s mortgage to Cedars,
the plaintiff bank orally contracted to pay defendant on his mortgage (from NFC) out of construction draws to be disbursed to Cedars. The trial court dismissed the affirmative defenses and the crossclaim based on a finding the Statute of Frauds barred the claim. The statute bars enforcement of an oral agreement to pay the debts of a third party, Troup Bros., Inc. v. State, 135 So.2d 755 (Fla.App.2nd 1961); Baya v. Price, 222 So.2d 253 (Fla.App.3d 1969), unless the promisor is a primary obligor, Troup Bros., Inc. v. State, supra. Defendant claimed that he gave independent consideration to obtain the plaintiff’s promise to pay the mortgage debts of NFC to plaintiff (whether or not NFC paid) and that plaintiff was a primary (not a conditional) obligor. These claims are at least sufficient to withstand dismissal under the Statute of Frauds. See, Bruce Const. Corp. v. State Exchange Bank, 102 So.2d 288 (Fla.1958), in which a corporate official of a corporation building for V. A. promised that the corporation would cash the weekly payroll checks of a subcontractor in order to insure that the subcontractor would continue work. .The trial court directed a verdict based on the Statute of Frauds, the court reversed and held:
“We do not adopt the view of either the plaintiff or defendant, for in our opinion, although the testimony and the evidence is not conflicting, nevertheless it does permit different conclusions based on reasonable inferences drawn from the evidence. As we read the evidence á jury viewing it could as logically find that the promise was collateral or conditional, i. e., was an agreement to pay Flamingo’s payroll checks only if Flamingo’s Miami Beach bank did not do ■ so, as it could find that the promise was direct and unconditional.” Id. at 291.
See also 15 Fla.Jur., Statute of Frauds § 4 (1957):
“ . . . Where the promise to pay the debt of another is independent and unconditional, and is made for a valuable consideration, which is subsequently paid by the promisee and is of direct pecuniary value to the promisor, the transaction is not within the statute.”
We are careful to note that the reinstatement of defendant’s affirmative defenses and crossclaim in no way acts as a judgment on the merits, and plaintiff is *853 free to pursue any theories and actions that it chooses. We simply hold that defendant’s contentions are sufficient to withstand dismissal.
Reversed and remanded, with directions.
CROSS and MAGER, JJ., concur.