HOBSON, Acting Chief Judge.
Appellant Patricia Pryor appeals a final judgment which granted appellee Robert James’ motion for dismissal. We reverse.
Appellant filed a petition asking the court to determine paternity of her child and to award child support. The petition designated Robert James as respondent. James filed his answer denying paternity and raising the affirmative defense that Pryor “had sexual intercourse with one or more men which resulted in her becoming pregnant and delivering a child on or about August 7, 1977.” Appellant responded to this defense with a denial.
The matter was tried before the court without a court reporter.[1] Appellant testified that she was an unmarried woman; that the parties engaged in sexual intercourse on several occasions between December 11, 1976 and January, 1977; that in January, 1977, she missed her first menstrual period and subsequently received a positive pregnancy diagnosis from a medical doctor; that the child was born on August 7, 1977; and that Robert James and his mother visited Pryor at her home and gave her a bassinet for the baby.
Pryor’s sister confirmed the testimony that Pryor was unmarried at the time of the events in question and that James and *CCCXXXIII his mother had visited Pryor and given her a bassinet.
At the conclusion of Pryor’s case, James rested without offering evidence and renewed his motion for a directed verdict on the ground that Pryor had failed to show a prima facie case because she offered no testimony that she had not engaged in sexual intercourse with any other man during the period of time in which conception occurred. The trial judge granted James’ motion for directed verdict and entered a final judgment which stated in pertinent part:
. On the evidence presented, the Court finds that although Petitioner and Respondent engaged in sexual intercourse on several occasions between December 11, 1976, and February 1, 1977, there was an absence in Petitioner’s evidence that Petitioner did not engage in sexual intercourse with any other man during this period of time which could have resulted in her pregnancy and that, therefore, Respondent’s Motion for Dismissal should be granted.”
Appellant Pryor contends that she presented substantial evidence on each material allegation in her petition and thus established a prima facie case. She further argues that the burden of proving matters raised as an affirmative defense is on the party who raises the defense.
The trial judge erred in dismissing appellant’s case because she failed to present evidence to negate appellee’s affirmative defense prior to the presentation of any evidence on that issue by appellee.
For this reason, we reverse the final judgment of dismissal and remand this cause for further action consistent with this opinion.
REVERSED and REMANDED.
SCHEB and RYDER, JJ., concur.

. The record consists of appellant’s statement of the evidence, appellee’s reply and the court’s statement of the evidence pursuant to Fla.R. A.P. 9.200(b)(3).