MASON (Circuit Judge, Retired), Associate Judge.
This is an appeal from a final judgment of the Circuit Court of Escambia County which granted Appellee’s (defendant below) motion for entry of final judgment at the close of Appellants’ (plaintiffs below) case.
The Murphys filed a complaint against Community Centers Corporation for damages and rescission arising out of a contract to sell a parcel of land in Pensacola. The complaint alleged that plaintiffs contracted to buy and defendant contracted to sell the parcel in question, and that in the contract defendant agreed to install a sanitary sewer and water line to the property being sold and to deliver a letter at closing stating that private sewer treatment facilities were available with sufficient capacity to service the property. Plaintiffs alleged that defendant breached that paragraph of the contract, resulting in considerable damages to plaintiffs. After plaintiffs presented their evidence on final hearing, the trial court granted defendant’s motion for judgment, stating that he was of the opinion that the plaintiffs had not proved a case for damages in that they did not establish a cause of action by the greater weight of the evidence. He also stated that plaintiffs *624 failed to prove that they had ever made a demand upon the defendant to perform the contract’s requirement to install the sewer and water line to the property, and to furnish the sewer treatment facility.
The Murphys purchased the land upon which they purported to build a building to be leased to Southern Bell Telephone Company. Community’s property was the only site available for development at the time for the purpose needed in that it was adjacent to University Mall Square, which had a private sewer treatment facility available, there being at the time a sewer moratorium imposed by the City in Pensacola. The mall’s private treatment facility was not affected by the moratorium and was available for use by adjacent parcels of land. Thus, the parties realized that the Murphys could develop the property only if permitted to utilize defendant’s private sewer facility located upon the mall square. The contract acknowledged the moratorium and provided for a tap fee and a monthly service fee for use by the plaintiffs of defendant’s private treatment facility.
At the time they purchased the land, the Murphys had an architect design a building suitable for Southern Bell’s needs. The sales contract was executed in April of 1976, and the architect testified that the building could have been finished within eighteen months thereafter. Conveyance of the property to the Murphys was made in June of 1976.
During the late summer of 1976, Southern Bell raised the question as to the sufficiency of the treatment plant to the plaintiffs and this concern was conveyed to defendant’s vice-president. The latter admitted that there were “minor problems”, stating that his company was in the process of straightening them out, and that the plaintiffs should not be too concerned. However, Mr. Murphy testified that the problem was not solved and that he finally demanded verbally to the defendant’s representative that it resolve the sewer problem and fulfill its contractual obligation to furnish adequate sewer treatment facilities to the purchased property. Upon such demand to defendant, its vice-president stated that Community wished to wait for the City of Pensacola’s sewer to become available, or until the Murphys actually had need of the service. Community’s president testified that its facility was constructed to last only six months and that it was assumed that the sewer moratorium imposed by the City would be lifted by that time, and that the Mall could hook up to the City sewer system. In the spring of 1977, Community’s sewer facility developed serious problems with its sprayfield. The Mall had to hook up to the City sewer on a temporary emergency basis and adjacent stores had to resort to septic tanks.
In the meantime Southern Bell became increasingly concerned about the private sewer treatment facility. Subsequently, it informed the Murphys that for that reason they could not proceed on the site which it had agreed to lease. The plaintiffs finally realized that they could not develop the property purchased from the defendant because of the sewer moratorium and the failure of the defendant to comply with its contractual obligation to furnish adequate sewer treatment facilities to service the property sold by it to the plaintiffs. Murphy testified that he unsuccessfully attempted to sell the property. Then followed this suit.
It is upon this record that the trial court concluded that plaintiffs had not established their case “by the greater weight of the evidence”, and further that plaintiffs had failed to prove that they had made of the defendant a demand for performance. Thereupon, he granted defendant’s motion for judgment.
We reverse. In our opinion there was before the trial court at the conclusion of plaintiffs’ case a prima facie case of breach of contract and the trial court erred in granting, in effect, a directed verdict for the defendant. A motion for judgment in a judge trial is the counterpart of a directed verdict in a jury trial. The trial court in a non-jury case may not weigh and judge the credibility of the evidence when ruling upon a defendant’s motion for involuntary dis *625 missal or final judgment made at the close of the plaintiffs’ case. Tillman v. Baskin, 260 So.2d 509 (Fla.1972); Service Facilities Corporation v. Lanier, 371 So.2d 1083 (Fla.App.1979). Concluding, as we do, that a prima facie case of breach of contract was made by the plaintiffs, the trial court could not have granted the motion without weighing the probative effect of the evidence. In fact the trial court did weigh the evidence in granting the motion, for he stated that plaintiffs had not carried their burden by the greater weight of the evidence.
It may be that at the close of all the evidence presented by both sides, the trial court could properly conclude that defendant had overcome the prima facie case made by the plaintiffs and then determine that plaintiffs had failed to prove their case by the greater weight of the evidence. However, the plaintiffs are entitled to have their evidence weighed in the light of the evidence adduced by the defendant, and the trial court is not free to weigh the evidence at the close of the plaintiffs’ case.
We refrain from addressing the merits of the case at this time and rest our decision instead on the narrow ground of the propriety of the order of the trial court on defendant’s motion for judgment made at the conclusion of plaintiffs’ case in chief. Curls v. Tew, 346 So.2d 1242 (Fla.App. 1st 1977).
Reversed and remanded for further proceedings in the trial court in accordance with the views herein expressed.
SMITH and SHIVERS, JJ., concur.