DANIEL S. PEARSON, Judge.
These consolidated appeals are from a final judgment in favor of Miami Purveyors, Inc. (Purveyors) against Biscayne Bay Club, Inc., and an order dismissing with prejudice Purveyors’ action against Forte at the close of the plaintiff’s case in a non jury trial.[1]
We reverse the final judgment against Biscayne Bay Club, Inc., because, as is candidly admitted by Purveyors, there was no evidence introduced to support this judgment, which was entered by the trial court under the erroneous belief that Biscayne Bay Club, Inc. had admitted liability.
We reverse the order of involuntary dismissal entered in favor of the defendant Forte on a holding that (1) the evidence presented by Purveyors in its case in chief, viewed most favorably to it, prima facie established that Forte orally agreed he would be primarily liable for the payment of Purveyors’ bills for goods thereafter received and accepted by Brickell Bay Club, precluding at that stage of the non-jury proceedings (a) a finding that Forte’s agreement was unenforceable under either Section 672.201 or Section 725.01, Florida Statutes (1977), because not in writing, Bruce Construction Corporation v. The State Exchange Bank, 102 So.2d 288 (Fla.1958); Jim & Slim’s Tool Supply, Inc. v. Metro Communities Corporation, 328 So.2d *332 213 (Fla. 2d DCA 1976); Johnson v. Barnett Bank of Cocoa, N. A., 320 So.2d 851 (Fla. 4th DCA 1975); Polera v. General Window Corporation, 132 So.2d 778 (Fla. 2d DCA 1961), and (b) an involuntary dismissal, Tillman v. Baskin, 260 So.2d 509 (Fla.1972); North American Marketing Corporation, Inc. v. The Travelers Insurance Company, 405 So.2d 1019 (Fla. 3d DCA 1981); accord, Sea Tower Apartments, Inc. v. Century National Bank, 406 So.2d 69 (Fla. 4th DCA 1981); and (2) this error is not, as Forte urges, rendered harmless by the fact that the defendant Forte testified as an adverse witness in Purveyors’ case in chief, or the fact that Forte would likely have rested his case without calling any witnesses, since to apply a harmless error test to the absolute rule laid down in Tillman v. Baskin, supra, that a trial judge cannot weigh evidence when ruling on a defendant’s Florida Rule of Civil Procedure 1.420(b) motion, would effectively abrogate the rule.
Accordingly, we reverse the judgment entered against Biscayne Bay Club, Inc. and the involuntary dismissal of John Forte and remand for a new trial against both defendants.
Reversed and remanded with directions.

. A judgment was also entered against F. U. R., Inc., d/b/a The Brickell Bay Club, Inc. It appears that F. U. R., Inc. was never served in the action below, but no appeal has been taken from this judgment.