418 So.2d 1038 (1982)
CRYSTAL RIVER ENTERPRISES, INC., a Florida Corporation, Appellant,
v.
NASI, INC., a Florida Corporation, Appellee.
No. 81-1467.
District Court of Appeal of Florida, Fifth District.
July 7, 1982.
On Rehearing August 8, 1982.
Patricia M. Silver of Smith & Mandler, P.A., Miami Beach, for appellant.
John Russell, P.A., Homosassa Springs, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a judgment in favor of NASI, Inc., in an action by Crystal River Enterprises, Inc. to recover on an indemnity agreement executed by NASI.
Crystal River was the owner of a motel which it eventually sold to NASI. Crystal River was initially represented by International Motel Brokers, Inc. and agreed to pay *1039 a fee of $50,000 if International obtained a suitable buyer. The listing was for $1,650,000. The initial offer by NASI was rejected by Crystal River. The president of NASI, Mr. Kouri, then advised the broker, Mr. Sullivan, that he would like to deal directly with Crystal River. Kouri requested Crystal River's "rock bottom" price and stated that he would be responsible for any commission. Crystal River agreed to reduce the asking price by the $50,000 broker's fee and another $50,000 for needed repairs. Crystal River also required NASI to sign an indemnity agreement which specifically provided that NASI would hold Crystal River harmless and reimburse it for any expenses or loss incident to any claim asserted by International.
The transaction was closed but International was not paid. International sued Crystal River and obtained judgment by default for the $50,000. Crystal River then filed suit against NASI to recover under the indemnity agreement. Judgment was entered in favor of NASI. This court subsequently reversed the judgment and remanded the cause for trial. Crystal River Enterprises, Inc. v. NASI, Inc., 399 So.2d 77 (Fla. 5th DCA 1981).
At the trial, NASI moved for involuntary dismissal and summary judgment at the close of Crystal River's case. The trial court granted the motions on the basis that Crystal River had failed to prove that International or Sullivan, its agent, was a licensed broker at the time of the transaction, that Sullivan had abandoned his right to the commission and that Crystal River failed to establish that a broker's fee was due if the property were sold at less than the asking price.
With regard to the first matter, Crystal River argues that whether the broker was licensed was not at issue at the trial below. We need not address this question because we find that proof of licensing was adequately established. At trial, Sullivan stated that he had been licensed in Florida for three and one-half years, the first year as a salesman and the balance as a broker. This testimony established that he was licensed on or about March 1, 1978. Pursuant to section 475.17, Florida Statutes (1981), Sullivan was then authorized to engage in real estate transactions. The property here was listed in January or February 1979, and the transaction closed in May, 1979, well after the time that Sullivan was licensed as either a salesman or a broker.
Regarding the second matter, we conclude that the trial court erroneously found that Sullivan had abandoned any right he had to a commission by not attempting to negotiate further after the initial offer was rejected. The evidence established that Sullivan brought NASI and Crystal River together but that Sullivan discontinued personal participation at the request of NASI. If property is placed with a broker for sale at a certain price and the sale is brought about through the broker as the procuring cause, the broker is generally entitled to his commission even though the final negotiations were conducted through the property owner who, in order to make a sale, accepted a price less than that stipulated to the broker. Daneli Corp. v. Bryant, 399 So.2d 387 (Fla. 4th DCA 1981).
We also conclude that Crystal River properly established the amount of the broker's fee. Both Crystal River and the broker, the only parties to the agreement, testified that the amount of the broker's fee was $50,000. The final purchase price was substantially the same as the list price, diminished only by the cost of needed repairs and the broker's fee for which NASI specifically agreed to indemnify Crystal River.
Therefore, we REVERSE and REMAND for determination of all amounts due under the terms of the indemnity agreement and entry of judgment against NASI.
DAUKSCH and COBB, JJ., concur.

ON MOTION FOR REHEARING
FRANK D. UPCHURCH, Jr., Judge.
NASI has moved for rehearing of this court's opinion filed July 7, 1982, which directs the trial court to enter judgment for *1040 Crystal River on its indemnity claim against NASI. The record reflects that NASI moved for an involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b) or for the entry of summary judgment after Crystal River (the plaintiff) rested. The trial court granted the motion[1] and later entered judgment in favor of NASI.
Rule 1.420(b) provides as follows:
After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted .... (emphasis added)
Since the motion was granted, there was no need to complete the trial with the presentation of NASI's case or any rebuttal by Crystal River. In our opinion, we held that the trial court had erred in granting the motion. However, the cause should be remanded for completion of the trial rather than for the entry of judgment against NASI.
The motion for rehearing is granted, and our opinion of July 7, 1982, is amended to provide that the judgment appealed is REVERSED and this cause REMANDED for completion of the trial.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] The court did not specify which motion (involuntary dismissal or summary judgment) it was granting. Later in the final judgment, the court stated that it granted both motions.