PER CURIAM.
The appellant, Sally Riba, challenges the trial court’s final judgments ordering her to pay sums due on certain alleged debts to the appellees, Lena Pila and Salomon Pila. We reverse.
The appellant’s husband, Mendel Riba, received two separate loans in 1980 from his cousins, Salomon and Jack Pila. Appel-lee Lena Pila is Jack Pila’s widow. The appellant’s husband subsequently executed two promissory notes regarding the debts; the appellant did not sign the notes. Although there is evidence that the appellant was “in the house” when one of the oral loan transactions occurred, there is no evidence indicating that she was a party to the loans. The respective loan checks from the appellees were made payable solely to the appellant’s husband.
In 1982, the appellant’s husband filed a voluntary petition for bankruptcy, individually and doing business as Madison Packing, Inc., and his obligations regarding the notes to both Salomon and Jack Pila were subsequently discharged. In June 1984, when tensions began to escalate among the relatives concerning the discharged debts, the appellant agreed to pay each of the appellees $100 a month “for as long as she could in order to keep peace in the family.” Approximately one year later, the appellant refused to continue the monthly payments stating that she was not obligated under the original debt nor did she legally assume her husband’s obligations.
The appellees filed separate actions against the appellant, which were eventually consolidated, for collection of their respective loans. The appellant answered and asserted the statute of frauds and lack of consideration as affirmative defenses. At the conclusion of the nonjury trial, the court found that the appellant “on or about June 12, 1984 did agree and assume whatever obligations were owing to the [appel-lees] ... and did confirm such agreements by making monthly payments on such debts until December 1985.” The trial court subsequently entered final judgments in favor of both appellees, and this timely appeal followed.
There is sufficient evidence to support the trial court’s conclusion that the appellant agreed to pay, or assume, the debts that were previously owed by her husband. However, as the appellant argues, her oral agreement with the appel-lees was a promise to pay the debt of another, her husband, and, therefore, is unenforceable under the statute of frauds. § 725.01, Fla.Stat. (1985). See Clover Interior Sys., Inc. v. General Dev. Corp., 357 So.2d 459 (Fla. 2d DCA 1978); Juliana, Inc. v. Salzman, 181 So.2d 3 (Fla. 3d DCA 1965). It is undisputed that the appellant’s alleged promises were not in writing. Despite the appellees’ argument to the contrary, there is no competent evidence to support a finding that the appellant was a direct obligor of the two loans. See Johnson v. Barnett Bank, N.A., 320 So.2d 851 (Fla. 4th DCA 1975) (statute of frauds bars enforcement of oral agreement to pay debts of third party unless promisor is pri *431 mary obligor). We, accordingly, find that the appellant's agreement to pay each of the appellees $100 a month was a promise to pay the debt of another and, therefore, is unenforceable under section 725.01 in the absence of a writing.
Although unnecessary to our disposition in this case, we also agree with the appellant’s contention that the alleged promise would be unenforceable for lack of consideration. See American Atlantic Lines v. Ros Forwarding, Inc., 441 So.2d 1153 (Fla. 3d DCA 1983). We, accordingly, reverse and remand for entry of final judgments in favor of the appellant.
Reversed and remanded with instructions.
SCHOONOVER, A.C.J., and HALL and THREADGILL, JJ., concur.