SCHOONOVER, Judge.
The appellants, State of Florida, Department of Health and Rehabilitative Services (HRS), and Nerissa Leighton Williams challenge a final judgment entered in a paternity action. We find that the trial court erred by entering a judgment in favor of the appellee, Charles Richard Thibodeaux, at the conclusion of the appellants’ case-in-chief and, accordingly, reverse.
HRS, on the behalf of Nerissa Leighton Williams, filed a paternity and support action against the appellee. The appellee filed an answer denying the material allegations of the appellants’ complaint. During a nonjury trial, Ms. Williams testified that she was the mother of the child in question and that she had sexual intercourse with the appellee on a fairly regular basis from October 1984 until January 1985. She discovered that she was pregnant in December 1984, and the child was born on August 17, 1985. She testified further that she did not have sexual intercourse with any other men for several months before she met the appellee and had sexual intercourse with no one other than him from October 1984 until January 1985. Immediately after the appellants rested their case-in-chief, the court, without any motion from the appellee, dismissed the case. The final judgment stated that the appellants failed to meet their burden of proof and that the testimony of Ms. Williams was not credible. This timely appeal followed.
In a nonjury trial, the proper procedure to be followed by a defendant in order to obtain a judgment in his favor following the presentation of the plaintiff’s case is a motion for involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b). In this case, since the defendant did not put on any evidence, nor rest his case, and did not move for an involuntary dismissal, we must assume that the court was dismissing the action on its own motion.
A trial judge cannot weigh evidence when ruling on a defendant’s rule 1.420(b) motion for involuntary dismissal following the presentation of a prima facie case by a plaintiff. Tillman v. Baskin, 260 So.2d 509 (Fla.1972). ■ The court should only determine if the plaintiff has submitted a prima facie case. If it is determined that the plaintiff has submitted competent proof on each element of the cause of action pleaded, a motion for involuntary dismissal must be denied. Murphy v. Community Centers Corp., 393 So.2d 623 (Fla. 1st DCA 1981). In this case, Ms. Williams’s testimony established a prima facie case. See Pryor v. James, 377 So.2d 252 (Fla. 2d DCA 1979).
As mentioned above, the final judgment contained findings that Ms. Williams’s testimony was not credible and that the appel *1245 lants had failed to meet their burden proof. To reach these conclusions, the court had to weight the evidence, and in doing so it erred. Tillman; Murphy. See also Sea Tower Apartments, Inc. v. Century Nat’l Bank, 406 So.2d 69 (Fla. 4th DCA 1981); Service Facilities Corp. v. Lanier, 371 So.2d 1083 (Fla. 4th DCA 1979); Buchanan Constr., Inc. v. City of Tallahassee, 308 So.2d 613 (Fla. 1st DCA 1975).
We also must reject any contention that if an error occurred, it was harmless because the appellee might have rested his case without presenting any evidence. To apply a harmless error test to the absolute rule laid down in Tillman that a trial judge cannot weigh evidence when ruling on a motion for involuntary dismissal would effectively abrogate the rule. Miami Purveyors, Inc. v. Forte, 407 So.2d 330 (Fla. 3d DCA 1981).
We, accordingly, reverse and remand for a new trial. See Miami Purveyors, Inc.
Reversed and remanded.
CAMPBELL, C.J., and RYDER, J., concur.