PER CURIAM.
The final judgment appealed followed the trial court’s granting of a motion for involuntary dismissal as to the sole remaining count in what was originally a three-count complaint. The underlying issue was whether appellant, plaintiff below, failed to prove a default by appellee, from which certain consequences would have flowed. We hold that the issue and its consequences were defensive matters which were not properly considered by the trial court when deciding whether an involuntary dismissal was appropriate. Defenses are not to be considered by the trial court in ruling on a motion for involuntary dismissal directed at a complaint. See Miami Purveyors, Inc. v. Forte, 407 So.2d 330 (Fla. 3d DCA 1981), rev. denied, *1271 413 So.2d 876 (Fla.1982). In Forte, the court held that an order of involuntary dismissal should be reversed because the evidence pri-ma facie established that defendant orally agreed he would be liable for the payment of plaintiff’s bills. Id. The court found that at that stage of the nonjury proceedings (close of plaintiffs case) a finding that defendant’s agreement was unenforceable because it was not in writing was precluded. Id. at 331-32. Similarly, in North American Marketing v. Travelers Ins. Co., 405 So.2d 1019 (Fla. 3d DCA 1981), the court held that insured presented a prima facie case of “unidentifiable employee dishonesty.” The North American Marketing court found that insurer’s unproved claim that the loss suffered by insured due to “unidentifiable employee dishonesty” was diminished by other facts was not a matter properly considered on insurer’s motion pursuant to the rule governing involuntary dismissals. Id. at 1020.
We therefore reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED.
HERSEY, GUNTHER and WARNER, JJ., concur.