668 So.2d 205 (1995)
RUCK BROTHERS BRICK, INC., a Florida corporation, Appellant,
v.
KELLOGG & KIMSEY, INC., a Florida corporation, and Certified Structural Services, Inc., a Florida corporation, Appellees.
No. 94-03991.
District Court of Appeal of Florida, Second District.
December 29, 1995.
Rehearing Denied February 16, 1996.
*206 Robert J. Coleman of Coleman & Coleman, Fort Myers, for Appellant.
David E. Gurley and Natalee A. Herrig of Norton, Moran, Hammersley, Dunlap, Gurley & Lopez, P.A., Sarasota, for Kellogg & Kimsey, Inc.
No appearance for Certified Structural Services, Inc.
QUINCE, Judge.
Ruck Brothers Brick Inc. (Ruck Brothers) appeals an involuntary dismissal of its claim for unjust enrichment. Because it is clear that Kellogg & Kimsey, Inc. (Kellogg & Kimsey) received a substantial benefit without compensation, we reverse.
Kellogg & Kimsey was the general contractor for a school construction project in Charlotte County, Florida. It hired Certified Structural Services, Inc. (Certified) as the masonry subcontractor. Under the terms of the subcontract, Certified was required to furnish all labor, material, tools, equipment and incidental items necessary for the masonry work. Ruck Brothers, a supplier of brick and brick materials, agreed with Certified to supply brick for the project.
After three months, Certified began to have financial difficulties. Ruck Brothers stopped delivering brick to the project due to lack of payment from Certified. About the same time, Kellogg & Kimsey stopped making payments to Certified due to lack of performance. In order to keep the project progressing, Kellogg & Kimsey began to pay Certified's laborers directly. Kellogg & Kimsey asked Ruck Brothers to resume brick delivery and agreed to pay Ruck Brothers' outstanding balance with Certified, which was $31,223.17. Kellogg & Kimsey ultimately paid $262,706.77 of the $408,000.00 subcontract with Certified, which included the $31,223.17 payment to Ruck Brothers.
Pursuant to a request from Ruck Brothers, Kellogg & Kimsey gave Ruck Brothers a joint check agreement where Certified and Ruck Brothers would be paid jointly for their respective work on the project. Ruck Brothers then delivered additional brick and materials valued at $24,389.10.
Although the brick deliveries were satisfactory, Kellogg & Kimsey never paid Certified or Ruck Brothers for the subsequent deliveries by Ruck Brothers. Certified also never paid Ruck Brothers for these deliveries. Certified became insolvent during the pendency of the dispute.
Ruck Brothers brought suit against Certified and Kellogg & Kimsey under several different theories. The case went to trial on the count alleging contract implied in law to prevent unjust enrichment. After Ruck Brothers rested its case, Kellogg & Kimsey made a motion for an involuntary dismissal. The court granted the motion, finding Certified liable for the $24,389.10. The court also held that even though Ruck Brothers delivered the brick and Kellogg & Kimsey received a benefit from its delivery, Kellogg & Kimsey was not unjustly enriched because Kellogg & Kimsey paid out (to other materialmen) more than its contract price with Certified. The court stated that to rule otherwise would require Kellogg & Kimsey to pay twice.
*207 We disagree because the evidence presented during Ruck Brothers' case-in-chief demonstrates Kellogg & Kimsey never paid anyone for the bricks delivered by Ruck Brothers. A contract implied in law is an obligation imposed by law to prevent unjust enrichment. Gilman Yacht Sales, Inc. v. First Nat'l Bank of Chicago, 600 So.2d 1131 (Fla. 4th DCA 1992). The essential elements included under a theory of unjust enrichment are a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof. Rite-Way Painting & Plastering, Inc. v. Tetor, 582 So.2d 15 (Fla. 2d DCA 1991).
Both parties agree that Ruck Brothers did supply brick and supplies to Kellogg & Kimsey and that Ruck Brothers actions benefited Kellogg & Kimsey. The trial court held that Kellogg & Kimsey had fully paid under its contract with Certified and therefore to order it to pay for the brick would be inequitable. The court also found that Ruck Brothers was aware of Certified's financial difficulties before it entered into the joint checking agreement. We disagree with the trial court's decision because it implies Kellogg & Kimsey paid Certified for the brick, and such a conclusion is not supported by the record.
A trial judge cannot weigh evidence when ruling on a party's rule 1.420(b) motion for involuntary dismissal after the presentation of the plaintiff's prima facie case. Department of Health & Rehabilitative Servs. v. Thibodeaux, 547 So.2d 1243 (Fla. 2d DCA 1989). If the plaintiff has submitted competent proof of each element of the cause of action pleaded, an involuntary dismissal is inappropriate. Id. In addition to presenting clear evidence as to the first two elements of unjust enrichment, the record also indicates Ruck Brothers presented competent evidence of Kellogg & Kimsey's acceptance and retention of the brick and supplies under circumstances that would make it inequitable for Kellogg & Kimsey to retain it without compensation. There was testimony which indicated that Kellogg & Kimsey accepted brick from Ruck Brothers but never paid anyone for the goods.
While the record suggests Kellogg & Kimsey may have paid more for the entire subcontract than was originally bargained for with Certified, those monies were not directly paid to Certified. Additionally, the record does not demonstrate that the monies paid included sums due and owing for the bricks delivered by Ruck Brothers. Simply stated, we cannot find evidence in the record to support the court's finding that Kellogg & Kimsey fully paid Certified under its subcontract with them. This finding is erroneous and goes to the weight of the evidence, not the sufficiency of Ruck Brothers' prima facie case. When a trial court erroneously grants a motion for involuntary dismissal, the case is remanded to the trial court for the completion of the trial. Crystal River Enterprises, Inc. v. NASI, Inc., 418 So.2d 1038 (Fla. 5th DCA 1982).
We reverse the entry of the involuntary dismissal against Ruck Brothers and remand to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE, J., concur.