# Supreme Court of Florida

No. SC21-159

**STEVEN J. PINCUS,**
Appellant,

v.

**AMERICAN TRAFFIC SOLUTIONS, INC.,**
Appellee.

February 3, 2022

LABARGA, J.

This case is before the Court for review of questions of Florida law certified by the United States Court of Appeals for the Eleventh Circuit (the Eleventh Circuit Court of Appeals) that are determinative of a cause pending in that court and for which there appears to be no controlling precedent. We have jurisdiction. *See* art. V, § 3(b)(6), Fla. Const.

The Eleventh Circuit Court of Appeals certified several questions to this court, including: "Does Pincus's unjust enrichment claim fail because he received adequate consideration

in exchange for the challenged fee when he took advantage of the privilege of using his credit card to pay the penalty?" *Pincus v. American Traffic Solutions, Inc.*, 986 F.3d 1305, 1321 (11th Cir. 2021). For the reasons discussed below, we answer this determinative question in the affirmative and decline to address the remaining questions.

## FACTS AND PROCEDURAL HISTORY

The City of North Miami Beach (the City) contracted with Appellee American Traffic Solutions, Inc. (ATS), to install and maintain red-light traffic cameras throughout the City, issue and mail citations, and process violators' payments of the civil penalties imposed. *Id.* at 1309. In February 2018, ATS mailed Appellant Stephen J. Pincus a Notice of Violation (NOV) on behalf of the City for failing to comply with a steady red light signal, in violation of sections 316.0083, 316.074(1), and 316.075(1)(c)1, Florida Statutes (2017). *Id.* at 1309-10. The NOV informed Pincus he was required to pay a statutory penalty of $158. *Id.* The NOV explained Pincus could request a hearing or submit an affidavit if he wished to claim a statutory exemption; otherwise, the NOV instructed Pincus to pay the penalty online, by phone, or by mailing a check or money order.

*Id.* at 1310. The NOV advised that a convenience fee would be charged for payments made online or by phone. *Id.* at 1309. Pincus elected to pay with his credit card. *Id.* at 1310. In addition to the $158 penalty, Pincus paid ATS a 5% convenience fee of $7.90. *Id.*

Pincus subsequently filed a putative class action in the United States District Court for the Southern District of Florida, arguing the convenience fee was prohibited by sections 316.0083(b)(4), 318.121, and 560.204, Florida Statutes (2017), and ATS was therefore unjustly enriched by retaining the fee. *Id.* ATS moved to dismiss the complaint, arguing Pincus failed to state a claim for unjust enrichment. *Pincus v. American Traffic Solutions, Inc.*, No. 18-cv-80864, 2019 WL 9355827, *1 (S.D. Fla. Jan. 14, 2019). The federal district court agreed, finding: (1) ATS's fee was not prohibited under section 316.0083(b)(4) because the fee was not a "commission" within the meaning of the statute; (2) ATS's fee was not prohibited under section 318.121 because this statute only applies to violations assessed under chapter 318, Florida Statutes (2017), and Pincus's violation was assessed under chapter 316, Florida Statutes (2017); and (3) section 560.204 does not provide a

private right of action, as violations of this statute are enforced by the Financial Services Commission's Office of Financial Regulation. *Id.* Accordingly, the court dismissed Pincus's complaint for failure to state a claim. *Pincus*, 2019 WL 9355827, at *5-9.

On appeal, the Eleventh Circuit Court of Appeals determined there was no guiding precedent on the key issues and certified the following questions to this Court:

> (1) Did ATS violate Florida law when it imposed a five percent fee on individuals who chose to pay their red light traffic ticket with a credit card? In particular:
>
>> a. Does the challenged fee constitute a "commission from any revenue collected from violations detected through the use of a traffic infraction detector" under Fla. Stat. § 316.0083(1)(b)(4)?
>>
>> b. Was the fee assessed under Chapter 318 and therefore subject to § 318.121's surcharge prohibition?
>>
>> c. Was ATS a "money transmitter" that was required to be licensed under Fla. Stat. § 560.204(1)?
>
> (2) If there was a violation of a Florida statute, can that violation support a claim for unjust enrichment? In particular:
>
>> a. Does Pincus's unjust enrichment claim fail because the statutes at issue provide no private right of action?

> b. Does Pincus's unjust enrichment claim fail
> because he received adequate consideration in
> exchange for the challenged fee when he took
> advantage of the privilege of using his credit
> card to pay the penalty?

*Pincus*, 986 F.3d at 1320-21.  This review followed.

## ANALYSIS

To state a claim for unjust enrichment, a plaintiff must allege "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004) (quoting *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.*, 668 So. 2d 205, 207 (Fla. 2d DCA 1995)); *see also Agritrade, LP v. Quercia*, 253 So. 3d 28, 33 (Fla. 3d DCA 2017) ("The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first

- 5 -

paying the value thereof to the plaintiff." (quoting *Peoples Nat'l Bank v. First Union Nat'l Bank*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996))). There is no dispute that Pincus can plead the first two elements of this cause of action. *Pincus*, 986 F.3d at 1311 n.8. What is at issue here is whether he can plead that it was inequitable for ATS to retain what Pincus paid.

We find that, as a matter of Florida law, he cannot, and that this is determinative of the other questions before us. Pincus argues it would be unjust for ATS to retain a fee collected in violation of Florida law, specifically, sections 316.0083(1)(b)4, 318.121, and 560.204, Florida Statutes (2021). However, even if the fee is prohibited under one or more of these statutes, ATS's retention of the fee is not inequitable because ATS gave value in exchange: (1) Pincus did not have to procure postage and a check or money order; (2) he could pay the balance over time; (3) he avoided the risk of his payment being delayed, stolen, or lost en route; (4) he was afforded more time to make the payment because it was

instantaneous;[1] and (5) ATS provided immediate confirmation (by way of a "confirmation number") that Pincus's payment was received and his obligation to pay the penalty fulfilled. Therefore, it is not inequitable under the circumstances for ATS to retain the convenience fee because it "first pa[id] the value thereof to the plaintiff." *Agritrade*, 253 So. 3d at 33 (quoting *Peoples Nat'l Bank*, 667 So. 2d at 879).

Accordingly, Pincus's unjust enrichment claim fails because he has not alleged a benefit conferred and accepted which would be unjust for ATS to retain.

## CONCLUSION

The Eleventh Circuit Court of Appeals certified the following question to this Court: "Does Pincus's unjust enrichment claim fail because he received adequate consideration in exchange for the challenged fee when he took advantage of the privilege of using his credit card to pay the penalty?" *Pincus*, 986 F.3d at 1321. For the reasons discussed, we answer this determinative question in the

---

1. Indeed, Pincus's penalty payment was due sixty days after the NOV was issued, and he paid on the sixtieth day.

affirmative, decline to answer the remaining certified questions, and remand the case to the Eleventh Circuit Court of Appeals.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Certified Question of Law from the United States Court of Appeals for the Eleventh Circuit – Case No. 19-10474

Bret L. Lusskin, Jr. of Bret Lusskin, P.A., Aventura, Florida; Keith J. Keogh of Keogh Law, Ltd., Chicago, Illinois; and Scott D. Owens of Scott D. Owens, P.A., Hollywood, Florida,

for Appellant

Joseph H. Lang, Jr., Kevin P. McCoy, and David R. Wright of Carlton Fields, P.A., Tampa, Florida,

for Appellee

Henry C. Whitaker, Solicitor General, Jeffrey Paul DeSousa, Chief Deputy Solicitor General, Evan Ezray, Deputy Solicitor General, and David M. Costello, Assistant Solicitor General, Tallahassee, Florida; and Anthony Cammarata, General Counsel, Office of Financial Regulation, Tallahassee, Florida,

for Amicus Curiae Office of Financial Regulation