308 So.2d 613 (1975)
BUCHANAN CONSTRUCTION, INC., a Florida Corporation, Appellant,
v.
The CITY OF TALLAHASSEE, Florida, a Municipal Corporation, Appellee.
No. W-94.
District Court of Appeal of Florida, First District.
February 14, 1975.
Rehearing Denied March 19, 1975.
*614 Davisson F. Dunlap, Jr., of Pennington, Wilkinson & Sauls, Tallahassee, for appellant.
O. Earl Black, Jr., and Bryan W. Henry of Henderson, Richardson, Henry, Buchanan, Munroe & Rodman, Tallahassee, for appellee.
MILLS, Judge.
Buchanan, plaintiff below, appeals from an adverse judgment contending that the trial court erred in granting the City of Tallahassee's motion for a directed verdict made in a nonjury trial at the conclusion of Buchanan's case in chief. The City's motion should have been for an involuntary dismissal and will be so considered here.
By his complaint and amended complaint, Buchanan, the owner of two lots within the City, sought damages from and the enjoining of the City, alleging that his lots were being eroded and inundated by the flow of water from a pipe maintained by the City as a part of its drainage system.
At the time the trial court granted the City's motion, the following evidence had been adduced by Buchanan.
In June 1971, Buchanan purchased Lots 1 and 2 of Unit 2, Betton Place, within the city limits of Tallahassee. On 15 April 1968, a plat of Unit 2 was dedicated and placed of record. The plat reflected the following: Lot 1 was bordered on the west by Cline Street, a 68-foot road; Lots 1 and 2 were bordered on the north by a 25-foot drainage easement which began at Cline Street and ran easterly; Lots 1 and 2 were bordered on the south by Trescott Drive; there was a 40-foot setback line from the right of way of Trescott Drive; Lots 1 and 2 were contiguous with a 3-foot drainage easement between them.
At the time Buchanan purchased the lots, he noticed a 60-inch drainage pipe running under Cline Street, the end of which laid approximately 10 feet from the west boundary of Lot 1. Subsequently, during heavy rainfalls, Buchanan observed that water which flowed into the City's drainage system concentrated at the pipe and when it reached sufficient volume would be expelled with great force onto Lot 1 causing the northwest part of the lot to erode. In addition, he noticed that during heavy rainfalls water directed into the 25-foot drainage easement on the northern boundary of the lots was overflowing and flooding the lots to a point within 20 feet of Trescott Drive.
The 60-inch pipe and 25-foot easement have been utilized as a part of the City's drainage system, and it is solely responsible for its care, custody, maintenance and control. Since acquiring the drainage system contiguous to Unit 2, the City has approved plats for development in the immediate vicinity, has constructed roads and has participated in the development of the surrounding areas, which has increased the amount of run-off rainfall that is directed into the drainage system which ultimately flows into the 60-inch pipe and the 25-foot easement.
Prior to the filing of suit below, unsuccessful efforts were made to resolve this matter.
The city engineer gave testimony indicating that the flooding problem could be resolved by relocating the 60-inch pipe under Cline Street so that the water was concentrated away from Lot 1 and into the 20-foot easement at the rear of the lots.
Testimony was adduced that Buchanan paid $4,000.00 for the lots to be used as construction sites and that their value at the time of trial was in the neighborhood of $16,000.00, but they could not be used for construction due to the flooding.
*615 Where plaintiff has made a prima facie case in a nonjury trial, the trial court should not grant a motion for involuntary dismissal at the conclusion of plaintiff's case, even though the trial court as the trier of the facts feels that the plaintiff has not sustained his burden of proof.[1]
We are of the opinion that Buchanan presented a prima facie case which required the trial court to weigh his evidence along with the City's evidence, if any, and that the trial court erred in granting the City's motion for an involuntary dismissal at the conclusion of Buchanan's case in chief.
The judgment is reversed and remanded for further proceedings consistent herewith.
BOYER, Acting C.J., and McCORD, J., concur.
NOTES
[1] Tillman v. Baskin, 260 So.2d 509 (Fla. 1972).