PER CURIAM.
Appellants, plaintiffs below, appeal a final judgment rendered in favor of appel-lees, defendants below, pursuant to appel-lees’ motion for directed verdict made at the close of appellants’ presentation of their case.[1]
This case involves the cancellation and rescission of a written lease. As succinctly as possible, the facts, as revealed through appellants’ third amended complaint are as follows: Appellants, Harold and Mary Berke, are husband and wife. Appellee, Arthur Berke, is Harold’s brother and president and principal stockholder of appellee, Berke Displays, Inc. (hereinafter referred to as the corporation).
The complaint alleged that appellee-Ar-thur “secretly and surreptitiously and without the knowledge, approval or consent” of appellants, entered into a lease agreement with the corporation, the provisions of which were concealed from appellants. Appellants further alleged that Arthur, who owned the property leased by the corporation along with appellants,[2] entered into the lease at a rental rate substantially lower than the fair market value of the property for the sole benefit of the corporation and its stockholders, to-wit: Arthur. Said act allegedly constituted an unlawful and unconscionable overreaching and fraud upon appellants warranting recission and cancellation of the lease plus an award of substantial damages for the loss of rents' occasioned by the one-sided lease.
At the close of appellants’ case, pursuant to appellees’ motion, the chancellor determined that appellants had failed to present a prima facie case of fraud warranting the remedy of rescission and/or cancellation and directed a verdict in appellees’ favor. A final judgment was thereupon entered and this appeal follows.
After carefully reviewing the record, briefs and arguments of counsel, we are of the opinion that appellants have failed to present a prima facie case entitling them to the relief prayed for, and thus, the final judgment is affirmed. Tillman v. Baskin, 260 So.2d 509 (Fla.1972); Buchanan Construction, Inc. v. City of Tallahassee, 308 So.2d 613 (Fla. 1st DCA 1975).
Affirmed.

. The case was tried non-jury and thus the proper motion would have been one for involuntary dismissal, pursuant to Rule 1.420(b), Fla.R.Civ.P. We shall treat it as such. Gibson v. Gibson, 180 So.2d 388 (Fla. 1st DCA 1965).

. The lease was signed by Arthur Berke on behalf of Berke Realty, a partnership. The chancellor held that a partnership existed between the parties and thus, Arthur’s signature bound appellants to the lease. See Section 620.60, Florida Statutes (1975).