345 So.2d 825 (1977)
Leonard PANET, et al., Appellants,
v.
REXOD CORP. et al., Appellees.
No. 76-877.
District Court of Appeal of Florida, Fourth District.
April 29, 1977.
*826 Myron H. Burnstein, of Salter, Yeslow & Burnstein, Hollywood, for appellants.
Fred J. Ward, of Fred J. Ward, P.A., Hallandale, for appellees.
LETTS, Judge.
This is an appeal from a final judgment dismissing a cause of action at the close of the plaintiffs' case, in a non-jury trial without the defendants being required to come forward with any defense.
We reverse.
The appellants were contract purchasers of individual condominium units and they brought suit against the owner-developer seeking rescission of their purchase and sales agreements and the return of their deposits under both the common law theory of rescission and also pursuant to Chapter 711.24(3) Florida Statutes (1972). A third count alleged breach of contract.
Apparently, the several appellants entered into the purchase and sales agreements in early 1973, and the project was to be completed and all units ready for occupancy within, one year thereafter. The plaintiffs alleged, and produced evidence to the effect that, the apartments were not ready for closing for over twelve months beyond the scheduled closing dates, that the developer had distributed false and misleading brochures, budgets and information, and that promised recreational facilities had not been forthcoming, Notwithstanding, the court, at the close of plaintiffs' case, granted the motion to dismiss as a matter of law.
Without further reference to the burdensome record, it is apparent from the judge's own remarks, upon the occasion of his granting the motion to dismiss, that the plaintiffs had set forth a prima facie case. As examples of this, the trier of the fact observed:
(1) The builders here certainly ... allowed their employees to puff it up considerably and lead you folks along the primrose path, so to speak ...
(2) I don't think that the change between the proposed condominium declaration and the recorded condominium declaration ... is a material change.
(3) The percentage points [of each unit] did change slightly ...
(4) ... The final analysis of the [accountant's] figures probably come out closer to a real budget than the figures which were set forth and I suppose that over the long run, $350,000 will be more likely what it costs to run this place than $250,000... . If you had a proposal of $22 a unit [per month] and you now end up paying $50.00 a unit, that may be possible, but I don't think it's outlandish ...

*827 (5) ... You found out the costs were increased and you became outraged because ... these fellows over here were blowing smoke... . I think what [the developers] have done, of course ... is not necessarily praiseworthy, but it certainly isn't unexpected in the condominium business ...
(6) The delay is, I guess, the most serious thing . .. but in [view] of . . the building market ... in the last two years, I think that the delay of a year is about as common as anything that I've come across in the building game.
(7) ... Both of your witnesses didn't feel in many of the instances that these defects were terribly below average.
(8) ... Assuming [the developers] haven't completed this thing yet. They are still under bond to complete it . .
(9) I THINK THAT THE BUILDERS ARE GUILTY OF SERIOUS PUFFING, SERIOUS MISREPRESENTATIONS (emphasis supplied).
We are of the opinion that the foregoing statements, in and of themselves, establish a prima facie case in favor of the appellants which preclude an involuntary dismissal thereof. As was said in Tillman v. Baskin, 260 So.2d 509 (Fla. 1972):
It is inconceivable that a trial judge can fairly find for a defendant after hearing nothing more than testimony from a plaintiff establishing a prima facie case in the plaintiff's favor. When a prima facie case is made by plaintiff, fairness would appear to require that the trial judge weigh it in the light of strength or weakness of the defendant's evidence, if any, as in the case of a jury trial.
The same conclusion was reached in Preisner v. Cropf, 278 So.2d 295 (Fla. 4th DCA 1973); Hart v. Bankers Fire and Casualty Insurance Co., 320 So.2d 485 (Fla. 4th DCA 1975); Alcott v. Wagner and Becker, Inc., 328 So.2d 549 (Fla. 4th DCA 1976); Buchanan Construction, Inc. v. City of Tallahassee, 308 So.2d 613 (Fla. 1st DCA 1975).
It has been stated:
... where the plaintiff has made a prima facie case in a nonjury trial, the trial court should not grant a motion for involuntary dismissal at the conclusion of the plaintiff's case even though the trial court, as the trier of the fact, feels that the plaintiff has not sustained his burden of proof. Buchanan Construction, Inc., supra.

We agree, and the decision of the trial court is quashed and the cause remanded for a new trial.
MAGER, C.J., and ALDERMAN, J., concur.