374 So.2d 553 (1979)
SHIDIAM CORPORATION, a Pennsylvania Corporation, Ralph Gentile and James A. Risley, Appellants,
v.
M & D RESEARCH CORPORATION, a Florida Corporation, Appellee.
No. 78-982.
District Court of Appeal of Florida, Fourth District.
August 1, 1979.
*554 Philip H. Trees of Gray, Adams, Harris & Robinson, P.A., Orlando, for appellants.
Ira Pozen of Ira Pozen, P.A., Miami, for appellee.
GEIGER, DWIGHT L., Associate Judge.
This is a timely appeal of a directed verdict (judgment of involuntary dismissal)[1] against appellants and of damages awarded to appellee on its counterclaim. The case was tried before the court alone without a jury.
Evidence produced by appellants in their case in chief showed the following. On February 28, 1975, appellee secured an exclusive sales contract from appellants for appellee to retail a product called Water Savers. The product would be purchased from appellants, the wholesalers. At a meeting on February 27, 1975, appellee's agent made representations to appellants regarding the existing sales capacity of appellee's newly formed corporation; he also made representations that appellees had arranged for immediate sale of 5,000 Water Savers which sale would be consummated upon appellee's receiving the contract. At the time the contract was executed there was no pending sale of 5,000 units, and no such sale materialized. Appellee's sales organization was not discussed at the February 27 meeting, but appellee's agent did say that his organization was ready to begin sales and that a large deal was in the making for the sale of Water Savers.
After securing the contract from appellants, appellee ordered units in March and April of 1975 and proceeded to put together advertising and promotional material and a sales force. On May 12, 1975, over seventy days after the agreement was entered, appellee received notice through appellants' attorney that the contract was being cancelled for failure to follow through with representations made by appellee's agent. *555 On May 29, 1975, after receiving verbal and written notification of cancellation of the contract, appellee ordered 5,000 additional units. The order was not honored and appellee discontinued business in July, 1975. Between the time of the making of the contract and the time of trial, appellants wholesaled some 88,000 units to retailers other than appellee.
We have carefully examined the evidence produced by appellants at trial in support of their complaint, and we are of the opinion that appellants' contention that their evidence presented a prima facie case either of breach of contract, fraud or fraud in the inducement is without merit. The trial court's granting of a directed verdict (judgment of involuntary dismissal) against appellants is affirmed.
On the issue of damages on appellee's counterclaim for breach of contract, we are of the opinion that damages are properly awardable to appellees only for loss of profits on the 5,000 units actually ordered in May, 1975, and for expenses incurred in preparing to order and sell those 5,000 units not received. Evidence other than that of loss of profits on the May order and incumbent expenses is too remote and speculative and should not have been considered by the trial court. Innkeepers International, Inc. v. McCoy Motels Limited, 324 So.2d 676 (Fla. 4th DCA 1976); 9 Fla. Jur. Damages § 76.
The trial court erred in admitting evidence of costs to form the appellee corporation, costs in securing the contract, and lost profits on units not ordered by appellee. Appellee did not show that it would have sold more than the 5,000 units in the unfilled order. Rather it showed only that appellants sold 88,000 units to someone else.
We limit appellee's damages to those it has proven with reasonable certainty, and, therefore, we reverse the award of damages entered in favor of appellee and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.
ANSTEAD and MOORE, JJ., concur.
NOTES
[1] The use of the term "directed verdict" is improper in a non-jury trial. We treat this as an involuntary dismissal pursuant to Fla.R. Civ.P. 1.420(b). See Berke v. Berke, 343 So.2d 87 (Fla.3d DCA 1977).