382 So.2d 379 (1980)
Bernard ZINGER, Appellant,
v.
Patrick Myron GATTIS and Dorothy McGuire, Appellees.
No. 79-614/T2-20.
District Court of Appeal of Florida, Fifth District.
March 26, 1980.
Rehearing Denied April 23, 1980.
Lee S. Damsker, of Gordon & Maney, P.A., Tampa, for appellant.
Hector J. Lombana, of A.M. Schwitalla, Coral Gables, for appellees.
SHARP, Judge.
The appellant, Bernard Zinger sought a declaratory judgment of his rights as stockholder and principal officer of Citrus Aviation, Inc., and other relief, against the appellees, Gattis and McGuire. After a non-jury trial the lower court denied any relief because no stock in Citrus Aviation, Inc. was formally issued. We reverse this case for a new trial.
There was conflicting evidence presented concerning the ownership and control of *380 Citrus Aviation, Inc. Both Zinger and Gattis consulted a Lakeland attorney about forming the corporation. It was formed with Gattis as the sole incorporator, on September 17, 1974. Both signed signature cards on the corporate account; Zinger paid the attorney $600.00 to form the corporation; the attorney's notes indicate both were to have a one-half interest in the corporation; and both signed a corporate resolution. The corporation thereafter entered into a lease with Citrus County of the airport facility and signed a contract to construct a hangar with a general contractor. Zinger advanced $52,000.00 to construct the hangar. Zinger testified that in exchange for advancing "operating funds," he was to get 51% of the corporation. Gattis testified he wanted $250,000.00 for a 50% interest in the corporation and Zinger never agreed to pay that much. Both Gattis and Zinger testified that the Board of Directors of Citrus Aviation, Inc. never held a meeting to authorize the issuance of corporate stock, and there was very little formalization of corporate decisions by minutes or resolutions. The trial judge noted the factual disputes presented, but he declined to resolve them. He ruled that Zinger could have no interest in the corporation as a stockholder because a first meeting of the Board of Directors of Citrus Aviation, Inc. had never been held to authorize the issuance of any stock.
The trial judge's findings of fact and conclusions of law come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous. Frell v. Frell, 154 So.2d 706 (Fla.3d DCA 1963). He will be sustained if his ruling is correct, regardless of the route traveled or the reasons assigned for the ruling. Ray v. Dock and Marine Construction, Inc., 183 So.2d 237 (Fla.3d DCA 1966). However, if the trial court's decision is manifestly against the weight of evidence or is contrary to the legal effect of the evidence, it becomes the duty of the appellate court to reverse such a decision. Shaffran v. Holness, 102 So.2d 35 (Fla.2d DCA 1958); Brumick et al. v. Morris, 131 Fla. 46, 178 So. 564 (1938).
It is well established that directors' meetings, irregularly convened or conducted, may be cured by acquiescence or subsequent ratification. Redstone v. Redstone Lumber & Supply Company, 101 Fla. 226, 133 So. 882 (1931). Mere irregularities or informalities of a stock issuance do not render the stock void. See, Randall v. Mickel, 103 Fla. 1229, 141 So. 317 (1932); Therrell v. Riley, 111 Fla. 805, 151 So. 305 (1933). In this case, there was evidence presented from which the trier of fact could have concluded that Zinger was intended to have some kind of stockholder interest in Citrus Aviation, Inc.
The narrow ruling of the trial court is not supported by the facts or by case law and is therefore contrary to the legal effect of the evidence. Accordingly, it must be reversed. Because the record of this vigorously contested suit is by now "cold", the lower court shall conduct a new trial on the merits.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.