406 So.2d 69 (1981)
SEA TOWER APARTMENTS, INC., a Florida Corporation; Norman Bradley and Kathryn Fitchett, a Widow, Individually and As Representative of a Class, Appellants/Cross-Appellees,
v.
CENTURY NATIONAL BANK, Formerly Known As Coral Ridge National Bank, a Banking Corporation, As Trustee for Sea Tower Land Trust; Alma Deering Freedman and Patricia Deering, Appellees/Cross-Appellants.
No. 80-1929.
District Court of Appeal of Florida, Fourth District.
November 18, 1981.
Rehearing Denied December 15, 1981.
*70 Robert J. O'Toole, Fort Lauderdale, for appellants/cross-appellees.
Herbert L. Gildan of Nason, Gildan & Yeager, P.A., West Palm Beach, for appellees/cross-appellants.
PER CURIAM.
At issue is whether the trial court erred in granting a motion for involuntary dismissal against the appellants who sought to invalidate a provision in their lease with appellees which provided that the annual rental was to be adjusted at five year intervals in accordance with any increases in a national index of wholesale prices.
Initially, we agree with appellants that the trial court was obligated to treat the appellees' motion for involuntary dismissal, made at the conclusion of the presentation of appellants' case at the bench trial, in the same manner as a motion for directed verdict made in a jury trial. Panet v. Rexod Corp., 345 So.2d 825 (Fla. 4th DCA 1977). The trial court is not entitled to weigh the evidence or resolve conflicts of facts or issues of credibility upon a motion for involuntary dismissal. Further, the trial court should not consider whether the claimant has met his burden of proof, but rather should determine only whether the claimant has submitted a prima facie case. Panet v. Rexod, supra. If it is determined that the claimant has submitted competent proof on each element of the cause of action pleaded then a motion for involuntary dismissal must be denied. Upon review of the record here, however, and with particular concern for those portions cited by appellants, we find no violation of this principle by the trial court.
More importantly our review of the evidence presented by appellants also provides support for the trial court's determination that appellants failed to establish a prima facie case. The elements of a cause of action for unconscionability are set out in this court's decision in Kohl v. Bay Colony Club Condominium, Inc., 398 So.2d 865 (Fla. *71 4th DCA 1981). In Kohl we noted that there is nothing intrinsically unfair in the mere presence of a clause in a rental agreement providing for an increase in rents based upon some appropriate measure of increase in the cost of living. However, the appellants, other than establishing the presence of such a clause, failed to submit proof of the other elements of unconscionability. Kohl, supra. In addition, proof was submitted in the appellants' case-in-chief which tended to indicate, contrary to appellants' allegations, that the increase in rent that occurred as a result of the cost of living clause was foreseeable. We also reject appellants' contention that the absence of a cap on any rental increase in combination with a provision for a fixed minimum rent is unconscionable per se.
Accordingly, having reviewed the record and the evidence submitted by appellants and finding no error in the trial court's ruling, the judgment is hereby affirmed.
ANSTEAD and BERANEK, JJ., and OWEN, WILLIAM C., Jr., Associate Judge, concur.