414 So.2d 1095 (1982)
Helene POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 81-854.
District Court of Appeal of Florida, Fifth District.
May 12, 1982.
Rehearing Denied June 10, 1982.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, and Leonard R. Ross, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from a conviction for murder in the first degree.
The first question on appeal is whether the court erred in refusing to direct a verdict and enter a judgment for the *1096 appellant. It is appellant's allegation that the evidence was legally insufficient to support the guilty verdict. After having closely examined the record we find there is sufficient legal evidence to support the verdict. Tibbs v. State, 397 So.2d 1120 (Fla. 1981).
Two other questions for us to consider concern the manner in which the trial judge responded to two questions posed to the court by the jury during their deliberations. Those alleged errors were not preserved on the record for our review. In the first instance, appellant's counsel agreed to the procedure and in the second instance appellant did not object. See Castor v. State, 365 So.2d 701 (Fla. 1978).
The final question raised on appeal concerns a denial of a motion for new trial. A juror who voted to convict appellant and who confirmed her verdict in court after it was announced, later appeared to say she did not really mean to vote to convict. She said she had felt intimidated by the other jurors during the deliberations because they had prompted her to hurry up, saying also that there was no sense in her causing a hung jury. She also said she was impelled to her verdict because several jurors had complained about the lateness of the hour since they had been deliberating from noon until nine o'clock. She said she would not have voted to convict had the circumstances been different and she reluctantly confirmed her verdict in open court because "Maybe I thought I might be laughed at or they would want a long explanation as to why. I really didn't know how to explain my feeling. Just a lot of mixed feelings and not sure at that time of what to do about them."
The rule announced by the Supreme Court of Florida concerning a juror's renunciation of her verdict is:
That affidavits of jurors may be received for the purpose of voiding a verdict, to show any matter occurring during the trial or in the jury room, which does not essentially inher in the verdict itself, as that a juror was improperly approached by a party, his agent, or attorney; that witnesses or others conversed as to the facts or merits of the cause, out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, or game of chance or other artifice or improper manner; but that such affidavit to avoid the verdict may not be received to show any manner which does essentially inhere in the verdict itself, as that the juror did not assent to the verdict; that he misunderstood the instructions of the Court; the statements of the witnesses or the pleadings in the case, that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other manner resting alone in the juror's breast.

Marks v. State Road Department, 69 So.2d 771, 774-75 (Fla. 1954).
See also State v. Ramirez, 73 So.2d 218 (Fla. 1954); Crapps v. Murchek, 330 So.2d 173 (Fla. 4th DCA 1976).
Upon a review of the juror's testimony and a consideration of the rule relating to these matters, we cannot disagree with the decision of the trial judge to deny the new trial.
AFFIRMED.
SHARP and COWART, JJ., concur.