DAUKSCH, Judge.
This is an appeal from an order granting relief under Florida Rule of Criminal Procedure 3.850.
Appellee was tried and found guilty of first degree murder. During trial she properly moved for a judgment of acquittal based upon the alleged insufficiency of the evidence. She moved for a new trial after she was found guilty. Both of these were denied, so she appealed the denials. She lost the appeal. See 414 So.2d 1095.
After losing her appeal she filed a motion to vacate the judgment under Rule 3.850 and said she would not have been convicted if the original trial judge, who was not the one hearing the motion to vacate, had not been confused about the law relating to her case. The judge hearing the motion took testimony, including that of the trial judge, considered other evidence and ordered a new trial. He said the trial judge
*422 was under the impression that the decision in Marasa v. State, 394 So.2d 544 (Fla. 5th DCA 1981), prevented him from entering a judgment of acquittal even though he obviously felt that the weight of the evidence dictated such an order. This court is of the opinion that Tibbs v. State, 397 So.2d 1120 (1981), sets forth clearly that the trial court has authority to determine the weight of the evidence while the question of sufficiency of the evidence is an appropriate conclusion of the appellate tribunal.
The judge who ruled on the motion to vacate was in error because he had no jurisdiction to grant a new trial — neither did the trial judge. That jurisdiction was lost after the appeal was taken and never regained. He was also in error when he presumed to review a decision of this court which had passed on the sufficiency of the evidence. As to the ability of judges, trial or appellate, to pass on the weight or sufficiency of evidence see Tibbs v. State, 397 So.2d 1120 (1981), aff'd, Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Finally, he was in error when he presumed to rule upon, in an appellate fashion, the prior ruling of another circuit judge. Cf. Groover v. Walker, 88 So.2d 312 (Fla.1956); Marine Midland Bank Central v. Cote, 384 So.2d 658 (Fla. 5th DCA 1980).
The order appealed is reversed.
REVERSED.
COWART, J., concurs specially with opinion.
SHARP, J., dissents without opinion.