GUNTHER, BOBBY W., Associate Judge.
The sole issue is whether the trial court erred in granting the appellee’s motion for involuntary dismissal. To aid in answering this question, a review of an extremely condensed version of the facts is necessary.
Appellant entered into a contract to purchase a patio home from appellee. The contract was contingent upon appellant obtaining 80% financing. The contract also provided for appellee to retain the deposit and sum prepaid for extras as liquidated damages if appellant obtained the mortgage financing but failed to close the transaction. Appellant applied for mortgage financing but never received any written commitment. In spite of this, appellant attended a scheduled closing upon the assumption that this 80% financing would be available through Barnett Bank. At the time of closing appellant refused to close because he was being charged with additional sums for insurance required by the bank which he claimed he had not agreed to pay. For this reason he claimed he had not in fact received 80% financing. After the aborted closing, appellee took a contrary position and refused to return to appellant his deposit and prepaid sum for extras, retaining them as liquidated damages. Appellant then sued appellee for their return plus expenses incurred in anticipation of closing.
The action was tried by the court without a jury. Only the appellant testified and at the conclusion of his evidence, the court granted appellee’s “motion for judgment.” Under Rule 1.420(b), Florida Rules of Civil Procedure, in a non-jury trial, the court may grant a dismissal after proper motion if the party seeking affirmative relief has shown no right to relief.
The record reveals that appellant established a prima facie case. Appellant testified:
*867 Q. Then they arranged for this m insurance, right, this mortgage insurance?
A. Right.
Q. And you agreed to that.
A. Yes, because as far as I was concerned, they had come up with 80 percent financing.
Q. Absolutely. So there you were. You talked these folks into transferring to this contract, that is the patio home you were satisfied with, the patio home, you agreed to this purchase of the mortgage insurance provision and you went to the closing?
A. Agreed in the sense that they were telling me how they had arranged to come up with it. At this point it’s of no interest to me. The fact that they were going to give me 80 percent financing. That’s all that was of interest to me.
Q. That’s what you got.
A. No, I did not, because there was an addition, sir, of what you mentioned, $216. a year to pay for that insurance, (emphasis added).
There was no testimony to contradict appellant’s assertion that he was not responsible for paying for the insurance required by the bank. Appellant may have orally agreed to mortgage insurance but nowhere in the record is it established that he also agreed to pay for it or that he was responsible for the charge. The court may not weigh and judge the credibility of the evidence when ruling upon a motion pursuant to Rule 1.420(b) of the Florida Rules of Civil Procedure. Service Facilities Corp. v. Lanier, 371 So.2d 1083 (Fla. 4th DCA 1979); Tillman v. Baskin, 260 So.2d 509 (Fla.1972).
Thus, the court was premature in granting appellee’s motion. Accordingly, we reverse and remand for further proceedings.
REVERSED and REMANDED.
DOWNEY and GLICKSTEIN, JJ„ concur.