474 So.2d 1219 (1985)
HILLSBORO LIGHT TOWERS, INC., a Florida Corporation, Vincent Blefary, Gail Grant, William Ashmore, and William Van Sickle, Appellants,
v.
Charles H. SHERRILL and Dorothy P. Sherrill, His Wife, and John Edwards, Individually and As Personal Representative of the Estates of Robert A. Edwards and Dorothy A. Edwards, Appellees.
No. 84-2134.
District Court of Appeal of Florida, Fourth District.
August 14, 1985.
Rehearing Denied September 27, 1985.
*1220 Allen M. Levine of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for appellants.
Robert L. Wunker and Clark R. Kerr III of English, McCaughan & O'Bryan, Fort Lauderdale, for appellees.
COOK, JACK H., Associate Judge.
Appellants, Hillsboro Light Towers, Inc., Vincent Blefary, Gail Grant, William Ashmore, and William Van Sickle, are a condominium association and its directors. They appeal from an adverse ruling below. For the reasons set forth herein, we reverse.
On May 25, 1982, a special meeting of Hillsboro Light Towers Condominium Association was held to vote on an amendment to the declaration of condominium. In essence, the amendment changed the maintenance responsibilities of the association so that it was no longer responsible to repair certain non-load-bearing interior boundary walls between apartments. The first question presented was whether this amendment was one altering the voting rights of the unit owners or changing the share of the common expenses. If the amendment was of this nature, it required a 100% approval by the unit owners. Otherwise, the amendment could be passed upon an affirmative vote of 75% of the unit owners. The trial court evidently determined that the amendment did not alter the voting rights of the unit owners and did not change the share of the common expenses. We agree with this interpretation and hold that the amendment only required approval by 75% of the unit owners.
The lower court invalidated eleven votes of the sixty votes cast approving the amendment. The parties agree that if we reinstate nine of those votes, then the amendment was properly approved by 75% of the unit owners. We find nine of these votes are valid in that they were either proper in the first instance or were specifically ratified by the appropriate unit owners on a later date.
At the end of the May 25 special meeting, the proxy and ballot count for the amendment was fifty-six. On May 26 and May 27, however, two more votes were received approving the amendment. This brought the vote count for approval to the required fifty-eight votes. Another two votes were subsequently collected after suit was filed.
The votes for the units owned by Amendola, Mangan, and Moore were all cast by proxy and were first challenged at trial. Appellees urge that these votes were invalid because they violated section 607.101(9), Florida Statutes, which prohibits the substitution of a proxyholder where the same is not authorized by the proxy. We find that the vote by Moore was valid because it was signed by both of the unit owners in accordance with the condominium bylaws and was in fact voted by the person designated in the proxy. The votes by Amendola and Mangan were valid because the proxies used in this case contained the language "with full powers of substitution" and thus authorized the proxyholder to be substituted in conformity with section 607.101(9), Florida Statutes.
Appellees' position that the proxies voted on behalf of the Kreck, Sherwood/Heyser, Buza, and Crenshaw units were insufficient is well taken. We find, however, that all of those unit owners specifically ratified the proxy vote by signing the minutes of the special meeting as specifically authorized by article IV, section 5, *1221 of the condominium bylaws. Appellees urge that we should find no such ratification arguing that if the proxies were insufficient, the votes were void. We reject this argument because while the insufficiency of the proxies may have vitiated the effectiveness of the actual act of voting for the amendment, it was an act which the unit owners could have authorized, and thus was an act subject to ratification. See Abbey Properties Co. v. Presidential Insurance Company, 119 So.2d 74, 78 (Fla. 2d DCA 1960).
The votes cast in favor of the amendment for the units owned by Michail and Guirguis were valid in that they comported with article 12, section 2, of the declaration of condominium which provides that owners not present at a meeting considering an amendment to the bylaws may express their approval or disapproval in writing. Guirguis expressed his approval of the amendment in writing by a telegram sent on the day of the meeting and the Michails did so by written approval dated May 19, 1982. The receipt of the written approval a day or two after the meeting did not serve to vitiate the effectiveness of the approval under article 12, section 2 of the declaration of condominium.
Accordingly, having determined that nine of the eleven votes were erroneously invalidated by the trial court, we reverse and remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LETTS and DELL, JJ., concur.