497 So.2d 1338 (1986)
John S. TSAVARIS, Appellant,
v.
NCNB NATIONAL BANK OF FLORIDA and Neofytos Theodore Tsangaris, As Co-Personal Representatives of the Estate of John E. Tsavaris, Deceased, Appellees.
No. 86-417.
District Court of Appeal of Florida, Second District.
November 26, 1986.
Anthony P. Granese, Clearwater, for appellant.
Douglas J. Titus, Steven L. Brannock, and Jan W. Keesecker of Holland & Knight, Tampa, for appellees.
LEHAN, Judge.
Defendant appeals from a final judgment establishing his liability for the full face amount of a promissory note which he signed. We affirm and write only to specifically address the argument of appellant that the decision of the trial court was "against the manifest weight of the evidence," an argument which is made with some frequency in this court with seeming lack of recognition of precepts set out in Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), which are quoted below. An appellate court is not entitled to reverse simply on the basis that a decision of the trier of fact is against the weight of the evidence.
As a general proposition, an appellate court should not retry a case or reweigh conflicting evidence submitted to a jury *1339 or other trier of fact. Rather, the concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment. Legal sufficiency alone, as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.
397 So.2d at 1123.
The weight and the sufficiency of evidence are, in theory, two distinct concepts most often relevant at the trial court level. Sufficiency is a test of adequacy. Sufficient evidence is "such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded." ... Weight, at least in theory, is a somewhat more subjective concept. The "weight of the evidence" is the "balance or preponderance of evidence."
Id.
[T]he district court's third category of appellate reversals  where the evidence is technically sufficient but its weight is so tenuous or insubstantial as to require a new trial in the interests of justice  has a questionable historical foundation. The cases relied on by the district court, though confusing and ambiguous in language, can each be seen as involving reversals based on the insufficiency of the evidence. In any event, the formulation in State v. Smith [249 So.2d 16 (Fla. 1971)], suggests that this third category of appellate reversals, if ever valid in Florida, should now be eliminated from Florida law. Henceforth, no appellate court should reverse a conviction or judgment on the ground that the weight of the evidence is tenuous or insubstantial.
... Elimination of the third category of reversal accords Florida appellate courts their proper role in examining the sufficiency of the evidence, while leaving questions of weight for resolution only before the trier of fact.
... By eliminating evidentiary weight as a ground for appellate reversal, we do not mean to imply that an appellate court cannot reverse a judgment or conviction "in the interest of justice." ... This rule ... has often been used by appellate courts to correct fundamental injustices, unrelated to evidentiary shortcomings, which occurred at trial.
397 So.2d at 1125-26. Accord Hackett v. Metropolitan General Hospital, 465 So.2d 1246, 1254, 1256 (Fla. 2d DCA 1985); Vecta Contract, Inc. v. Lynch, 444 So.2d 1093, 1094 (Fla. 4th DCA 1984).[1]
The defense argument in the trial court and on appeal is basically that the debt was only one-half the face amount of the note. But, in addition to the note itself, there was substantial, competent evidence that defendant had acknowledged in writing that the debt was the face amount. While there was also substantial evidence to support his defense, we do not conclude, having in mind statements quoted above from Tibbs, that a reversal is required in the interest of justice or to correct a fundamental injustice unrelated to alleged evidentiary shortcomings which appellant argues. Nor, as to his other argument which essentially hinges upon the result of his first argument, do we conclude that the trial court erred in determining that the note was not usurious.
Appellant cites in support of his argument Hull v. Miami Shores Village, 435 So.2d 868, 871 (Fla.3d DCA 1983), and Zinger v. Gattis, 382 So.2d 379, 380 (Fla. 5th DCA 1980). Those cases do contain language which supports the argument that an appellate court may reweigh the evidence. However, that language in those *1340 cases is dicta. Also, Hull relies upon Zinger which relies upon cases predating Tibbs.
Affirmed.
SCHEB, A.C.J., and RYDER, J., concur.
NOTES
[1] See also State v. Moore, 485 So.2d 1279, 1282 (Fla. 1986); Burr v. State, 466 So.2d 1051, 1053 (Fla. 1985); W.S.L. v. State, 470 So.2d 828, 829 (Fla.2d DCA 1985); Brate v. State, 469 So.2d 790, 795 (Fla.2d DCA 1985); Robinson v. State, 462 So.2d 471, 476 (Fla. 1st DCA 1985); State v. Powell, 460 So.2d 421, 423 (Fla. 5th DCA 1984); Bradford v. State, 460 So.2d 926, 930 (Fla.2d DCA 1984); Brown v. State, 454 So.2d 596, 599 (Fla. 5th DCA 1984); Rodriguez v. State, 436 So.2d 219, 220 (Fla.3d DCA 1983); McIlwain v. State, 402 So.2d 1194 (Fla. 5th DCA 1981).