510 So.2d 1106 (1987)
WIMBLEDON TOWNHOUSE CONDOMINIUM I, ASSOCIATION, INC., Appellant,
v.
Nathan WOLFSON and Dorothy Wolfson, Appellees.
No. 4-86-0475.
District Court of Appeal of Florida, Fourth District.
August 5, 1987.
Rehearing Denied September 8, 1987.
*1107 Michael J. Gelfand of Becker, Poliakoff & Streitfeld, P.A., West Palm Beach, for appellant.
Andrea L. Wolfson, Hollywood, for appellees.
DELL, Judge.
This appeal concerns the involuntary dismissal of a counterclaim and third-party complaint seeking to foreclose a claim of lien for condominium assessments made pursuant to section 718.116, Florida Statutes (1985).
Appellees Nathan Wolfson and Dorothy Wolfson are the fee simple owners of Unit # 16 of Wimbledon Townhouse Condominium I-7. In 1984 appellant received complaints that building I-7 needed repair because of leaks in the roof. On August 9, 1984 the association's board of directors unanimously approved a motion made by Nathan Wolfson (a director of the association) that the owners of units in Building 7 have a qualified engineer make an inspection to determine whether the building needed to be re-roofed. On September 13, 1984 the board voted to replace the roof. On November 29, 1984 appellant recorded a claim of lien against appellees' condominium unit as provided by section 718.116(4)(a), Florida Statutes (1983). Appellee Nathan Wolfson filed suit to vacate and cancel the lien pursuant to section 713.21(4), Florida Statutes (1983).[1] Appellant filed a two-count counterclaim against Nathan Wolfson to foreclose its lien and for damages.[2]
The minutes of the director's meetings prior to October 23, 1984 failed to show that the board of directors expressly approved an assessment against the condominium units for the replacement of the roof. The minutes from the September 13, 1984 meeting reflect that:
A proposal for reroofing of Bldg. # 7, from Morton Roofing, Co., was submitted to the Board by Nat Wolfson. Also submitted was an inspection report from Roof Inspection of Broward, Inc. A proposal from Seaboard Industries, Inc. was also presented. Much discussion followed. A motion was made by Martin Unger to accept the proposal of Seaboard Industries, Inc. to replace the roof on Bldg. # 7, 2nd by Norman Abrams. 10 in favor, 1 opposed (Nat Wolfson).
When appellant offered the testimony of the association's administrative assistant to show that the minutes of the September 13th meeting were incomplete as they pertained to the assessment, the trial court sustained appellees' objections. The trial court also sustained appellees' objection to the introduction of minutes from the October 23, 1984 meeting. Those minutes state:
The President explained that the reason for calling a special meeting was to formally ratify the special assessment, by proportionate shares to the unitowners [sic] of Building # 7, in the amount of $2166.75 per unit; to pay the cost of $17,334.00 to replace the roof on that building. A motion was made by Irene Abrams to formally ratify the special assessment.... Vote unanimous.
*1108 At the close of appellant's case the trial court granted appellees' motion for a directed verdict (involuntary dismissal).[3]
Appellant contends that the trial court erred when it concluded: that the best evidence rule prohibited the use of parol evidence to establish action taken at a directors meeting where such action is not shown by the minutes of the meeting; that the directors of the association could not ratify their previous acts because the prior meeting was conducted without proper notice; and that appellant failed to present a prima facie case thereby entitling appellee to an involuntary dismissal. First, the best evidence rule does not prohibit the use of parol evidence to show what occurred at a director's meeting or to show an omission from the minutes of the meeting. The best evidence rule provides:
Except as otherwise provided by statute, an original writing, recording, or photograph is required in order to prove the contents of the writing, recording or photograph.
§ 90.952, Fla. Stat. (1985).
It is generally recognized that parol evidence may be introduced to complete or correct ambiguous corporate minutes:
Where the minutes contain a record of action taken, it will be presumed, prima facie, that the record covers the entire action. This is not conclusive, however, and parol evidence may be introduced to show what was in fact done. If the minutes appear on their face or are shown to be incomplete or incorrect or otherwise fail to show what actually transpired, parol evidence is admissible to supply the omission and to aid, correct and supplement them, or to aid in ascertaining the true meaning of indefinite or ambiguous records. Thus, where the corporate minutes are incomplete but are sufficient to show that the shareholders and directors present at a meeting did enter into an agreement, as to any ambiguity the courts may resort to evidence of extrinsic facts and circumstances to determine the full intent of the agreement.
5A Fletcher Cyc Corp § 2198 at 272 (Perm Ed). [footnotes omitted]. Under the facts of this case appellant could not use parol evidence to change minutes as written. However, the record supports appellant's claim that it did not offer the testimony to alter the minutes but rather it offered the testimony because the minutes did not record the board's approval of the assessment.
In Redstone v. Redstone Lumber & Supply Co., 101 Fla. 226, 133 So. 882 (1931), the court said:
If no minutes are kept, or if the record is incomplete, action at a meeting of the directors may be proved by parol evidence.
Id. at 884.
Redstone furnishes clear support for appellant's position that the trial court should have permitted the administrative assistant to testify concerning the incomplete minutes and what occurred at the September 13, 1984 meeting. The minutes did not present a bar to the admission of this testimony even though the content of the minutes may have affected its credibility.
We also find merit in appellant's argument that the board of directors of a condominium association may ratify its prior acts. See Hillsboro Light Towers, Inc. v. Sherrill, 474 So.2d 1219 (Fla. 4th DCA 1985); Zinger v. Gattis, 382 So.2d 379 (Fla. 5th DCA 1980) and Redstone v. Redstone Lumber & Supply Co., supra. While we cannot find any competent, substantial evidence in the record to support the trial court's conclusion that the directors conducted an improperly-called meeting on September 13, 1984, such evidence would not preclude proof of ratification since Redstone also holds:
Directors' meetings irregularly convened or conducted may be cured by acquiescence or subsequent ratification.
Failure of the board of directors of a corporation to record their action will not *1109 affect the validity of the acts done by them.
Id. 133 So. at 883-84. (Citations omitted).
The minutes of the October 23, 1984 meeting and the testimony of the president and the administrative assistant concerning the ratification of the assessment should have been admitted.
Finally we hold that the trial court erred when it granted appellees' motion for a directed verdict (involuntary dismissal). In Panet v. Rexod Corporation, 345 So.2d 825, 827 (Fla. 4th DCA 1977), this court said:
We are of the opinion that the foregoing statements, in and of themselves, establish a prima facie case in favor of the appellants which preclude an involuntary dismissal thereof. As was said in Tillman v. Baskin, 260 So.2d 509 (Fla. 1972):
It is inconceivable that a trial judge can fairly find for a defendant after hearing nothing more than testimony from a plaintiff establishing a prima facie case in the plaintiff's favor. When a prima facie case is made by plaintiff, fairness would appear to require that the trial judge weigh it in the light of strength or weakness of the defendant's evidence, if any, as in the case of a jury trial.
The same conclusion was reached in Preisner v. Cropf, 278 So.2d 295 (Fla. 4th DCA 1973); Hart v. Bankers Fire and Casualty Insurance Co., 320 So.2d 485 (Fla. 4th DCA 1975); Alcott v. Wagner and Becker, Inc., 328 So.2d 549 (Fla. 4th DCA 1976); Buchanan Construction, Inc. v. City of Tallahassee, 308 So.2d 613 (Fla. 1st DCA 1975).
It has been stated:
... where the plaintiff has made a prima facie case in a nonjury trial, the trial court should not grant a motion for involuntary dismissal at the conclusion of the plaintiff's case even though the trial court, as the trier of the fact, feels that the plaintiff has not sustained his burden of proof. Buchanan Construction, Inc. supra.

We also held, in Sea Tower Apartments, Inc. v. Century National Bank, 406 So.2d 69, 70 (Fla. 4th DCA 1981), that
[t]he trial court is not entitled to weigh the evidence or resolve conflicts of facts or issues of credibility upon a motion for involuntary dismissal. Further, the trial court should not consider whether the claimant has met his burden of proof, but rather should determine only whether the claimant has submitted a prima facie case. Panet v. Rexod, supra. If it is determined that the claimant has submitted competent proof on each element of the cause of action pleaded then a motion for involuntary dismissal must be denied.
Accord Martucci v. Green Knoll Corp., 483 So.2d 789 (Fla. 4th DCA 1986); Christie v. General Electric Credit Corp. 462 So.2d 866 (Fla. 4th DCA 1985).
The trial court's erroneous exclusion of the testimony and evidence concerning the board's approval of the assessment and the ratification of that action prevented appellant from making a prima facie case which culminated in the further erroneous entry of an involuntary dismissal. Therefore we reverse the trial court's order granting appellees' motion for a directed verdict (involuntary dismissal) and remand this cause for a new trial.
REVERSED and REMANDED.
WALDEN and STONE, JJ., concur.
NOTES
[1] The trial court granted appellant's motion for judgment on the pleadings in appellees' action to vacate and cancel the lien. We find no merit in appellant's argument that this judgment on the pleadings bars appellees' defenses to this action.
[2] The trial court granted appellant's motion to file a third-party complaint against Dorothy Wolfson setting forth the same causes of action as those alleged in its counterclaim.
[3] Appellees' motion for directed verdict must be considered as a motion for involuntary dismissal because this matter was heard nonjury. Tillman v. Baskin, 260 So.2d 509, 510 (Fla. 1972).