BOARDMAN, EDWARD F., (Ret.) Judge.
Appellant City of Clearwater (the City) challenges a final judgment in the form of an injunction restraining the City from requiring annexation of unincorporated property as a condition to supplying water service to appellee Metco Development Corporation (Metco). We affirm.
Metco owns unincorporated property which is located in the City’s water service area. This water service area is designated both in an agreement between Pinellas County (the County) and the City, and by resolution of the Pinellas County Commission. The northern portion of the Metco property contains three commercial buildings which have been served by the City’s water system for ten years or more. Water service is rendered to the northern portion of the property without any requirement of annexation. The southern portion of the Metco property contains sixteen residential units which are served by well water. Two water lines, two fire hydrants, water taps and water meters exist on Met-co’s property which would facilitate the connection of water service on the southern portion of the property by the City at minimal expense. However, the City refused to grant water service to Metco unless it agreed that its property be annexed into the corporate limits.
That refusal prompted Metco to bring an action against the City, the County, and the Florida Department of Health and Rehabilitative Services seeking a declaration of its rights and obligations relating to the provision of water service on its property and injunctive relief. The complaint filed by Metco requested the trial court to determine whether the City or the County should be required to grant water service to the property. Pinellas County filed a cross-claim against the City for declaratory and injunctive relief, alleging that the City is obligated to provide water service to the property pursuant to a 1976 written agreement entered into between the County and the City. Further, the County alleged that the City’s policy of requiring annexation into the City as a condition to supplying water is illegal and improper. The County filed an amended cross-claim against the City, which alleged that the City’s policy of requiring annexation as a condition to obtaining City water service is contrary to a 1975 resolution of the Pinellas County Commission, sections 180.06 and 171.044, Florida Statutes (1985), and the “organic law” of the State of Florida.
Pinellas County’s cross-claim against the City was tried at a nonjury trial on April 16, 1986. After extensive testimony and legal arguments were presented, the trial court entered a final judgment on the County’s cross-claim only. Among the trial court’s findings was its determination that:
Contractually the City has also agreed to serve the entire water service area which includes Metco’s property. The Court construes the contract and the intent of the parties to follow the established law required of public utilities and quasi-monopolies in providing water service to their customers in the water service area at the lowest possible cost with the most efficiency. In fact the parties have stated in a provision in the contract that it was their intent by executing the agreement to avoid a duplication of capital investment and maintenance cost and to provide water service to the public as efficiently as possible.
Hence, the trial court permanently restrained and enjoined the City from requiring annexation of Metco’s property as a condition to supplying water service. The court retained jurisdiction over the subject matter and the parties for the purpose of *25 enforcement of its injunctive relief and to determine costs. This timely appeal followed.
Our review of the record discloses sufficient evidence to sustain and support the judgment against the City. It is not our role to reweigh the evidence on appeal. See Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Tsavaris v. NCNB National Bank, 497 So.2d 1338 (Fla. 2d DCA 1986).
We have considered the other issues raised on appeal but because of our resolution of this matter, we need not address the remaining points.
Accordingly, we affirm the trial court’s judgment.
DANAHY, C.J., and LEHAN, J., concur.