DANAHY, Acting Chief Judge.
After a three-day nonjury trial, the trial judge entered an order denying the appellant’s petition to revoke probate. The grounds for that petition were that the testatrix lacked testamentary capacity because of her addiction to alcohol and drugs, and that when the testatrix executed her will she was under the undue influence of the appellee. The appellee, who was the testatrix’ attorney, was named as the sole beneficiary and personal representative of her estate.
The record contains ample, although conflicting, evidence to support the findings of the trial judge. This court may not retry a case or reweigh conflicting evidence submitted to a trier of fact, or reverse simply on the basis that a decision of the trier of fact is against the weight of the evidence. Tsavaris v. NCNB Nat’l Bank, 497 So.2d 1338 (Fla. 2d DCA 1986).
Further, we find that the trial judge correctly applied the appropriate law and the distribution of burdens of proof on the matter of undue influence as set forth in In re Estate of Carpenter, 253 So.2d 697 (Fla.1971).
Having found the findings of fact supported by the record, and the law correctly applied, we affirm.
LEHAN and FRANK, JJ., concur.