## MANNY'S INSURANCE AGENCY v ALVAREZ
### Case No. 90-101-AP (Lower Court Case No. 89-15468-SP05)
Eleventh Judicial Circuit, Dade County

April 26, 1991

### APPEARANCES OF COUNSEL

**Lori M. Ferman, Esquire,** for appellants.

**Rafael A. Alvarez,** appellee. (no brief filed)

Brief of Amicus Curiae, Lourdes Calleja, supporting the position of appellee.

Before GREENBAUM, DAVIS, GERSTEN, JJ.

### OPINION OF THE COURT

DAVIS, P.

A trial judge's findings of fact and conclusions of law come to the

appellate court with a presumption of correctness and will not be disturbed unless totally unsupported by competent substantial evidence. *Laufer v Norma Fashions, Inc.,* 418 So.2d 437 (Fla. 3d DCA 1982). However, if the trial court's decision is manifestly against the weight of the evidence or is contrary to the legal effect of the evidence, it becomes the duty of the appellate court to reverse such a decision. *Zinger v Gattis,* 382 So.2d 379 (Fla. 5th DCA 1980) and therein cited. The trial court's decision is manifestly against the weight of the evidence that the defendant (Appellee) Rafael A. Alvarez's 1974 Dodge Diplomat was insured with the appellant, Manny's Insurance Agency. Therefore, the trial court's decision must be reversed.

The central issue in dispute is whether the Appellant, Manny's Insurance Agency, failed to procure insurance requested by the Appellee, Rafael A. Alvarez, on February 21, 1989 or anytime prior to May 6, 1989. The law in this jurisdiction holds that an insurance agent has a duty to procure only the insurance coverage requested by an insured. *Burns v Consolidated American Insurance Co.,* 359 So.2d 1203 (Fla. 3d DCA 1978). On February 21, 1989, Mr. Alvarez was seeking insurance for a 1975 Chevrolet Caprice; however, he also owned a 1974 Dodge Diplomat. He went to Manny's Insurance Agency and completed an application for insurance. Mr. Alvarez signed an application for insurance in English and a Power of Attorney in Spanish. As the exhibits introduced at trial showed, Mr. Alvarez signed an application for insurance and a Power of Attorney on the 1975 Chevrolet Caprice. On both the application and the Power of Attorney "CHEVY CAPRICE" was written in large capital letters. No where in the records is it shown that Mr. Alvarez objected to what was written on the application or the Power of Attorney.

On March 13, 1989, Mr. Alvarez sold the Chevrolet and never informed the insurance company of the sale. The record shows that when he transferred tags in April, 1989, he did not notify or contact the insurance regarding the change. Therefore, a rebuttable presumption is established that Mr. Alvarez did not even have a tag for the Dodge Diplomat, thereby precluding him from operating the Dodge and possibly insuring the car during the entire month of February. On or about March 27th, Mr. Alvarez received his insurance policy and did not object to the fact that the Chevy was the car insured. As a matter of fact, the only car insured on the policy was the Chevrolet Caprice. It was not until after the May 6, 1989 accident did Mr. Alvarez either object to the Chevy being insured or attempt to amend the policy.

A party to a written contract cannot object to its enforcement on the

sole ground that he signed without reading it. *Allied Van Lines v Bratton,* 483 So.2d 440 (Fla. 4th DCA 1985). An insurance application and policy are legal and binding contracts; therefore, when Mr. Alvarez signed the application he obligated himself to the terms and conditions of the policy. Before affixing his signature to application, it became his duty to read it. He may not now claim that he did not read or did not understand it. He was and is bound by the terms of the policy. Even persons not capable of reading English may bind themselves to contract terms they signed without reading. *Merrill, Lynch, Pierce, et al v Benton,* 467 So.2d 311 (Fla. 5th DCA 1985). If Mr. Alvarez could not read the contract he should have had either the agent read it to him or have someone accompany him to the agency to read the forms. This was the least he could have done for himself.

From the record presented, Manny's Insurance Agency procured the insurance requested by Mr. Alvarez. Mr. Alvarez acquiesced this procurement by signing a binding legal contract and by not objecting to any patent errors or by not seeking an amendment to the policy prior to May 6, 1989. Therefore, the trial court's decision in this case is manifestly against the weight of the evidence and contrary to its legal effect.

Reversed.

GREENBAUM, G. GERSTEN, JJ., concur.