PER CURIAM.
At trial on the appellees’ petition to obtain custody of their deceased daughter’s minor child from the appellant, Glenn Freshman, the child’s natural father, the court granted the father’s motion for involuntary dismissal at the conclusion of the appellees’ case. The problem here is that the court did not merely deny the requested change of custody. It also ordered a substantial increase in the appellees’ visita-tion rights and more stringent drug testing requirements on the father, based on the court’s factual finding from the evidence that such was in the child’s best interest.
The appellants’ timely objection to the trial court’s factual finding relative to the visitation and drug testing issues, on the grounds that the appellants were precluded by the granting of their motion from presenting evidence on these issues, is well founded. See Tillman v. Baskin, 260 So.2d 509 (Fla.1972); Christie v. General Elec. Credit Corp., 462 So.2d 866 (Fla. 4th DCA 1985). The remaining points raised on the appeal and on the cross-appeal neither demonstrate error nor require discussion.
The judgment is affirmed except as to the provisions (1) relating to the increase in appellees’ visitation rights, and (2) the more stringent drug testing requirements imposed on the father. As to these two provisions the judgment is reversed and the cause is remanded for further determination of these issues. Upon remand the trial court, in its discretion, may simply permit appellants to reopen and continue the original trial or grant the parties a new trial on these issues.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
DOWNEY and WARNER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.